IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT CREASY,                    :
                                  :        Civil Action No. 4:04-CV-2296
            Plaintiff             :
                                  :
        v.                        :        (Judge McClure)
                                  :
NOVELTY, INC.,                         :
                                  :
            Defendant             :

**O R D E R**

July 6, 2005

**BACKGROUND:**

On October 18, 2004, plaintiff Robert Creasy commenced this action in the

Middle District of Pennsylvania.  The complaint alleges that Creasy's employment

was wrongfully terminated by defendant Novelty, Inc. ("Novelty"), in violation of

the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), the

Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA"), and the

Pennsylvania Human Relations Act, 43 Pa. C.S.A. §§ 951-63.  Plaintiff alleges that

he was discharged from his job because of his age, fifty-five, and because of a

physical impairment, sleep apnea.

On January 4, 2005, defendant filed its first motion to dismiss.  In that

1

motion the defendant asserted that plaintiff had failed to adequately state a claim for

relief under the ADA (Count I), because Creasy had only averred that he suffered

from sleep apnea and that he had not averred that Creasy had requested or engaged

in any efforts to acquire accommodations for his disability from his employer.

Likewise, the motion averred that Creasy's complaint was legally deficient to

recover a claim under the Pennsylvania Human Relations Act.  (Def.'s Mot.

Dismiss, Rec. Doc. No. 6.)

On April 25, 2005, after a failed attempt at mediation, we granted plaintiff's

first motion to amend/correct his complaint in order to address the legal

deficiencies Novelty had asserted.  That order mooted Novelty's first motion to

dismiss.  In our April 25, 2005 order we noted that pursuant to Federal Rule of

Civil Procedure 15(a) plaintiff was not required to seek leave of court in order to

amend the complaint, as defendant's motion to dismiss was not a responsive

pleading.

On May 9, 2005, Creasy filed his amended complaint.  Shortly thereafter,

Novelty filed a second motion to dismiss.  That motion is now fully briefed and

ripe for our review.  Novelty's renewed motion to dismiss again asserts that Creasy

has deficiently pled facts to assert a claim under the ADA (Count I of Plaintiff's

Amended Complaint) as well as the corresponding state claim for violation of the

Pennsylvania Human Relations Act based on disability (Count V of Plaintiff's

Amended Complaint).  For the following reasons we will provide plaintiff's counsel

one more opportunity to appropriately plead a claim for relief under the ADA.

**DISCUSSION:**

Plaintiff has not moved the court to amend his complaint for a second time.

In light of the liberal rules for pleading, however, and our concern that matters be

addressed on their merits, we will <u>sua</u> <u>sponte</u> allow plaintiff's counsel one more

opportunity to appropriately plead a claim under the ADA.

The ADA seeks to protect individuals with disabilities from discrimination by

employers.  <u>See</u> 42 U.S.C. § 12101(b).  Creasy bears the initial burden of

establishing a prima facie case of disability discrimination under the burden-shifting

framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), by a

preponderance of the evidence.  <u>See</u> <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S.

502, 506 (1993); <u>Shellenberger v. Summit Bancorp, Inc.</u>, 318 F.3d 183, 187 & n.5

(3d Cir. 2003); <u>Bearley v. Friendly Ice Cream Corp.</u>, 322 F. Supp. 2d 563, 574

(M.D. Pa. 2004).  To establish a prima facie case under the ADA, Creasy must

demonstrate that he: (1) is disabled within the meaning of the ADA; (2) was

qualified to perform the essential functions of his job, with or without

accommodation; and (3) suffered an adverse employment decision because of

discrimination.  See Williams v. Phila. Housing Auth. Police Dep't, 380 F.3d 751, 761 (3d Cir. 2004) (citing Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999)).  At this early pleading stage, Creasy need only make allegations that when taken in light most favorable to him would support a prima facie case.  See Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 580 (3d. Cir. 2004).

The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2); see 29 C.F.R. § 1630.2(g).  Importantly, simply having an impairment that does not substantially limit a major life activity is not a disability, and therefore is not covered by the ADA.  See Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 195 (2002).

A "substantially limiting" impairment is an impairment that renders an employee "unable to perform a major life activity that the average person in the general population can perform," or that significantly restricts the employee as to "the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j); see Toyota, 534 U.S. at 195-96.

4

Pertinent factors for the court to consider include: "the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment." 29 C.F.R. §§ 1630.2(j)(2)(i)-(iii); see Toyota, 534 U.S. at 196.

Defendant contends, and we agree, that Creasy's amended complaint still does not sufficiently state a claim for relief under the ADA. As to the first element for a claim under the ADA, Creasy avers in his amended complaint that "[t]he Plaintiff has been diagnosed with sleep apnea by Dr. Ralph L. Apuzzio, D.D.S., M.S.D., which constitutes a physical impairment." (Rec. Doc. No. 20, at 2, ¶ 14.) Next he pleads that "[t]he condition of sleep apnea substantially limits one or more major life activities in that it can be life threatening and may include high blood pressure and other cardiovascular complications. . . . At the time of his discharge, Plaintiff had a claim with the Defendant for medical treatment of his sleep apnea, but it was denied." (Rec. Doc. No. 20, at 2, ¶¶ 15-16.) As defendant notes, we find that Creasy's allegations, as stated in his amended complaint, are legally insufficient to survive a motion to dismiss. Likewise, Plaintiff has not averred that he was qualified to perform the essential functions of his job with or without reasonable accommodation, i.e., the second element of his prima facie case.

Plaintiff, however, has sufficiently averred the third and final element of an ADA claim. (See Rec. Doc. No. 20, at 3, ¶¶ 18, 23, 25.)

Plaintiff has not stated in his amended complaint what major life activity is substantially limited by his physical impairment, i.e., his sleep apnea.  See Toyota, 534 U.S. at 195 ("Merely having an impairment does not make one disabled for purposes of the ADA.")  Plaintiff's brief in opposition states that "use of a CPAP machine in order to sleep clearly makes Creasy's condition a disability, as sleeping is a major life activity.  Creasy has now alleged that his condition of sleep apnea is a major life activity."  (Pl.'s Br. Opp'n Mot. Dismiss, Rec. Doc. No. 23, at 6 (internal quotation marks omitted) (citing Rec. Doc. No. 20, at 2, ¶¶ 15-16).)  Similarly, Creasy states in the same brief that he "was able to return to work following his three week absence and work without difficulty at his position until his discharge on December 2, 2002."  (Rec. Doc. No. 23, at 3.)  Creasy should make such allegations in his complaint and not in his brief in opposition to the motion to dismiss.  See Fed. R. Civ. P. 8(a), (e); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994) (stating that a court looks to the facts alleged in the complaint to determine whether to dismiss a claim under Rule 12(b)(6)).

Liberally construing these statements, and taking note of Creasy's use of a

6

CPAP machine, the court believes that plaintiff should be given one more opportunity to aver all of the necessary elements to an ADA claim in a second amended complaint.  Federal Rule of Civil Procedure 15(a) provides that leave to amend should be given when "justice so requires" and is liberally interpreted by the courts.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984) (per curiam); see also Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."); Jordan, 20 F.3d at 1261 ("[A] case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations.").

For the reasons set forth above, and because it is still so early in the litigation, we will allow plaintiff another opportunity to make legally sufficient allegations in a second amended complaint so as to support a claim under the ADA.  As defendant has already filed two motions to dismiss in this litigation, and we would like to see the matter resolved expeditiously, plaintiff shall have until July 18, 2005 to file his second amended complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Defendant's second motion to dismiss is denied.  (Rec. Doc. No. 21.)

7

2.  Plaintiff shall have until July 18, 2005 to file a second amended complaint.

3.  If plaintiff fails to comply timely with paragraph 2 of this order, the ADA claim (Count I) and the corresponding state law claim averring discrimination on the basis of disability (Count V) will be dismissed.


                                              __s/ James F. McClure, Jr.___

                                              James F. McClure, Jr.
                                              United States District Judge